JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  SACV 13-325-JST (JPRx)                                    Date:  April 12, 2013
Title:  Marilyn Goodwin v. Bedros H. Kojian, et al.

Present: **Honorable JOSEPHINE STATON TUCKER, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                              Not Present

**PROCEEDINGS:  (IN CHAMBERS)  ORDER GRANTING PLAINTIFF'S MOTION TO REMAND (Doc. 10) AND DENYING DEFENDANT'S MOTION TO STAY AS MOOT (Doc. 11)**

Before the Court are two motions: (1) A Motion to Remand ("MTR") filed by Plaintiff Marilyn Goodwin; and (2) A Motion to Stay Case Pending Transfer by the Judicial Panel on Multidistrict Litigation ("MTS") filed by Defendant American Medical Systems ("AMS" or "Defendant").  (MTR, Doc. 10; MTS, Doc. 11.)  Plaintiff's MTR was filed on March 14, 2013, Defendant opposed the MTR (Opp'n to MTR, Doc. 16), and Plaintiff replied.  (Reply to MTR, Doc. 17.)  Defendant filed its MTS on March 15, 2013, Plaintiff opposed the MTS (Opp'n to MTS, Doc. 15), and Defendant replied.  (Reply to MTS, Doc. 18. )  The Court finds this matter appropriate for disposition without oral argument.  Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.  Accordingly, the hearing set for April 19, 2013, at 2:30 p.m. is VACATED.  Having considered the parties' papers and for the reasons discussed below, the Court GRANTS Plaintiff's MTR and DENIES Defendant's MTS as MOOT.

**I.    Background**

Prior to August 22, 2012, Plaintiff consulted with Defendant Dr. Kojian about her pelvic organ prolapse and stress urinary incontinence.  (Stanley Decl. Ex. A ("Compl.") ¶ 37. Doc. 4.)  Dr. Kojian recommended and performed the implantation of two pelvic mesh products, the Monarc® Subfascial Hammock and the Elevate® Anterior & Apical Prolapse Repair System with Interpro®Lite ("Mesh Products").  (Compl. ¶¶ 37-39; MTR

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-325-JST (JPRx)                     Date: April 12, 2013
Title: Marilyn Goodwin v. Bedros H. Kojian, et al.

at 2.) Defendant AMS designed, manufactured, marketed, labeled, packaged, and/or sold these Mesh Products implanted into Plaintiff. (Compl. ¶ 10.)

Plaintiff alleges that Kojian negligently chose these products to treat her condition even though the products "[have] high failure, injury, and complication rates, fail to perform as intended, require frequent and often debilitating additional surgeries, and have caused severe and irreversible injuries, conditions, and damage to a significant number of women." (*Id.* ¶ 48(D).) As a result of this implantation, Plaintiff alleges that she suffered numerous complications. (*Id.* ¶ 41.)

On January 9, 2013, Plaintiff filed this case in Orange County Superior Court (No. 30-2013-00622920-CU-PL-CJC), asserting a medical malpractice claim against Kojian and product liability claims against AMS. (Compl.) Kojian is a California citizen, as is Plaintiff, while AMS is a citizen of Delaware and Minnesota. (Compl. ¶¶ 1-3.) Defendants removed the case on February 22, 2013, asserting diversity jurisdiction and claiming that Kojian was "fraudulently misjoined." (Notice of Removal ¶ 6.) Kojian has not yet made an appearance in this case and Defendant stated in its Notice of Removal that it believed Kojian had not yet been served with a copy of the Summons and Complaint. (*Id.* ¶ 4.)

A multidistrict litigation proceeding ("MDL") has been established in the Southern District of West Virginia to coordinate product liability actions involving AMS's pelvic mesh products. *See In re AMS Pelvic Repair Sys. Prods. Liab. Litig.*, 844 F. Supp. 2d 1359 (J.P.M.L. 2012). AMS provided notice to the MDL Panel of this action, and the Panel issued a Conditional Transfer Order on March 8, 2013. (Second Stanley Decl. ¶ 5, Doc. 11-3; *id.* Ex. B.) Plaintiff filed a Notice of Opposition to the transfer, and it appears that there will be a hearing shortly on the issue of transfer. (MTS at 2-3.) Shortly after the Conditional Transfer Order was issued, Plaintiff filed her MTR, and Defendant filed its MTS.

II. Preliminary Issues

The parties dispute the order in which the Court should address their Motions. Plaintiff argues that her MTR addresses jurisdictional defects, which must be addressed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SACV 13-325-JST (JPRx) | Date: April 12, 2013 |
| Title: Marilyn Goodwin v. Bedros H. Kojian, et al. | |

before Defendant's MTS. (Opp'n to MTS at 3.) Defendant argues that the Court should address its MTS first, and leave the MTR to the MDL Panel. (Opp'n to MTR at 4.)

Under Ninth Circuit caselaw, "federal courts normally must resolve questions of subject matter jurisdiction before reaching other threshold issues. Only where the other issue itself creates the jurisdictional issue . . . or the resolution of the issue is clear while the jurisdictional issue is difficult, . . . is it appropriate for the court to proceed without confirming jurisdiction." *Potter v. Hughes*, 546 F.3d 1051, 1061 (9th Cir. 2008). Moreover, "a district judge should not automatically stay discovery, postpone rulings on pending motions, or generally suspend further rulings upon a parties' motion to the MDL Panel for transfer and consolidation" *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997); JPML Rule 2.1(d) ("[t]he pendency of a . . . conditional transfer order . . . before the Panel pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court."). The decision to grant or deny a stay is within the district court's discretion. *Rivers,* 980 F. Supp. at 1360.

In ruling on motions to stay, district courts have considered several factors: (1) "the court should give preliminary scrutiny to the merits of the motion to remand. If this preliminary assessment suggests that removal was improper, the court should promptly complete its consideration and remand the case to state court"; (2) "if the jurisdictional issue appears factually or legally difficult, the court should determine whether identical or similar jurisdictional issues have been raised in other cases that have been or may be transferred to the MDL proceeding"; (3) "if the jurisdictional issue is both difficult and similar or identical to those in cases transferred or likely to be transferred, the court should stay the action." *Conroy v. Fresh Del Monte Produce, Inc.*, 325 F. Supp. 2d 1049, 1053 (N.D. Cal. 2004); *see also Rubio v. Arndal*, No. 1:13-cv-0027-LJO-BAM, 2013 WL 796669 (E.D. Cal. March 4, 2013).[1]

---

[1] The Court in *In re Vioxx Prod. Liab. Cases*, No. 05cv0943DMS(LSP), 2005 WL 6573263 at *1 (S.D. Cal. July 11, 2005), applied a different test than the one articulated above. The *Vioxx* court followed other district courts that looked at the following four factors: "(1) potential prejudice to the non-moving party if the action is stayed; (2) hardship and inequity to the moving party if the action is not stayed; (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated; and (4) the potential for conflicting rulings." *Id.*

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-325-JST (JPRx)            Date: April 12, 2013
Title: Marilyn Goodwin v. Bedros H. Kojian, et al.

This Court agrees with Plaintiff that it must first address the jurisdictional issue before deciding Defendant's MTS. *Cf. Conroy*, 325 F. Supp. 2d at 1054 ("[I]t is in the interest of judicial economy to decide issues of jurisdiction as early in the litigation process as possible. If federal jurisdiction does not exist, the case can be remanded before federal resources are further expended . . ."); *Tortola Restaurants, L.P. v. Kimberly-Clark Corp.*, 987 F. Supp. 1186, 1188 (N.D. Cal. 1997) (denying motion for stay pending a determination of transfer by the MDL Panel and deciding threshold jurisdiction issue); Here, a preliminary assessment of Plaintiff's MTR suggests that removal was improper, and thus, the Court must promptly complete its consideration of Plaintiff's MTR and remand if necessary. Second, even if the Court proceeds to the second question—the difficulty of the jurisdictional issue—the Court finds that the jurisdictional issue is not sufficiently difficult to warrant deciding Defendant's MTS first. (*See* MTS at 2-3.) Moreover, a determination of the fraudulent misjoinder issues raised in this case requires an application and analysis of Ninth Circuit law, and this Court is in as good a position, if not better, to apply the law of this circuit than a court in West Virginia. Thus, the Court will decide Plaintiff's MTR before reaching the merits of Defendant's MTS.

### III. Legal Standard for Motion to Remand

Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or complete diversity between the parties, *see* 28 U.S.C. § 1332. Thus, "[a] defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). "However, it is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (quoting *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (internal quotation marks omitted)). There is a "strong presumption" against removal jurisdiction, and courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.

---

Because the proper focus should first be on the jurisdictional issue, the Court chooses to adopt the *Conroy* approach discussed above.

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SACV 13-325-JST (JPRx) | Date: April 12, 2013 |
| Title: Marilyn Goodwin v. Bedros H. Kojian, et al. | |

1992). If at any time before the entry of final judgment, it appears that the Court lacks subject matter jurisdiction over a case that was removed from state court, it must remand the action to state court. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991).

## IV. DISCUSSION

Defendant claims that Kojian has been fraudulently misjoined and that therefore diversity jurisdiction is met. (Notice of Removal at 2-3.) To be clear, Defendant is not seeking to apply the traditional fraudulent joinder doctrine, but is instead asking the Court to apply the fraudulent misjoinder doctrine articulated by the Eleventh Circuit in *Tapscott v. MS Dealer Service Corp.*[2] (Opp'n to MTR at 7-8.)

In establishing diversity jurisdiction, "one exception to the requirement for complete diversity is where a non-diverse defendant has been fraudulently joined." *Hunter*, 582 F.3d at 1043 (internal quotation marks and citation omitted). Traditional fraudulent joinder occurs where "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) (quoting *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)). "In such a case, the district court may ignore the presence of that defendant for the purpose of establishing diversity." *Hunter*, 582 F.3d at 1043.

Fraudulent misjoinder as articulated by the Eleventh Circuit is distinct from the traditional fraudulent joinder doctrine. *See Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated in part on other grounds by Cohen v. Office Depot, Inc.* 204 F.3d 1069 (11th Cir. 2000). Fraudulent, or procedural, misjoinder looks at the factual commonality among the plaintiff's claims against different defendants and determines if they are sufficient to satisfy the standards provided in Federal Rule of Civil Procedure 20. *See Tapscott*, 77 F.3d at 1360; *Osborn v. Metropolitan Life Ins. Co.*, 341 F. Supp. 2d 1123, 1127 (E.D. Cal. 2004).

---

[2] The Fifth Circuit impliedly adopted the fraudulent misjoinder doctrine in *In re Benjamin Moore & Co.*, 309 F.3d 296 (5th Cir. 2002).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 13-325-JST (JPRx)                                              Date:  April 12, 2013
Title:  Marilyn Goodwin v. Bedros H. Kojian, et al.

In *Tapscott*, defendant Lowes removed a putative class action to federal court. The plaintiffs' second complaint named two classes of defendants: a merchant class of defendants selling extended service contracts in connection with the sale of retail products and a class of defendants involved in the "sales of service contracts in connection with the sale of automobiles." *Id.* at 1355 (emphasis omitted).  Defendant Lowes was diverse from the named plaintiffs for the "merchant class," but other defendants were not, thereby destroying diversity.  *Id.* at 1359-60.  Defendant Lowes removed on grounds of fraudulent misjoinder and filed a motion to sever the claims against it from the claims against the other defendants.  The district court granted the motion.  *Id.*

In affirming the district court's decision, the Eleventh Circuit noted that "[m]isjoinder may be just as fraudulent as the joinder of a resident defendant against whom a plaintiff has no possibility of a cause of action."  *Id*.  The Court noted that the claims against the two classes of defendants "ha[d] no real connection."  *Id.*  In articulating its holding, the court stated "We do not hold that mere misjoinder is fraudulent joinder, but we do agree with the district court that Appellants' attempt to join these parties is so *egregious* as to constitute fraudulent joinder." *Id*. (emphasis added).

The Ninth Circuit has not adopted the fraudulent misjoinder doctrine, and district courts in the Ninth Circuit are split on whether the doctrine applies.  *See, e.g.*, *Osborn v. Metropolitan Life Ins. Co.*, 341 F.Supp. 2d 1123, 1127 (E.D. Cal. 2004) (declining to apply fraudulent misjoinder doctrine); *N.C. ex rel. Jones v. Pfizer, Inc.*, 2012 WL 1029518 at *3 (N.D. Cal. March 26, 2012) (holding that even if it were to adopt *Tapscott*, the doctrine would not apply to the case before it involving claims against drug manufacturers/sellers and healthcare providers); *HVAC Sales, Inc. v. Zurich Am. Ins. Grp.*, No. 04-03615 RMW, 2005 WL 2216950 at *6 (N.D. Cal. July 25, 2005) (same). *But see, e.g.*, *Sutton v. Davol, Inc.* 251 F.R.D. 500, 505 (E.D. Cal. May 28, 2008) (finding healthcare provider defendants fraudulently misjoined with the manufacturing defendants in a case arising out of implantation of a medical device); *Greene v. Wyeth*, 344 F. Supp. 2d 674, 684-85 (D. Nev. 2004) (agreeing with Fifth and Eleventh Circuits "that the [fraudulent misjoinder] rule is a logical extension of the established precedent that a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 13-325-JST (JPRx)                                              Date:  April 12, 2013
Title:  Marilyn Goodwin v. Bedros H. Kojian, et al.

plaintiff may not fraudulently join a defendant in order to defeat diversity jurisdiction in federal court").

Here, the Court finds that even if the Ninth Circuit were to adopt the fraudulent misjoinder doctrine, it would not apply to these facts.  In *Tapscott*, the Eleventh Circuit noted that the misjoinder was so *egregious* as to constitute fraudulent misjoinder.  *Cf. N.C. ex rel. Jones*, 2012 WL 1029518 at *4 ("joinder in this instance in no way approaches a level of egregiousness as to constitute fraud").  Assuming that the fraudulent misjoinder doctrine applies, the facts are readily distinguishable from those in *Tapscott*.  First, here there is only one plaintiff rather than multiple sets of plaintiffs.  Second, it cannot be said that there is "no real connection" between the claims against AMS and Kojian; Plaintiff's claims against AMS for product liability and her negligence claim against Kojian share common questions of fact and law.  (*See* MTS at 7-8.); *cf. Haston v. Yeo*, No. 5:13-cv-00364-JFW-OP (C. D. Cal. March 11, 2013), ECF No. 10 (holding on nearly identical facts that there was an interrelationship among the claims asserted against AMS and a medical provider); *Watson v. Gish*, 2011 WL 2160924 at *4 (N.D. Cal. June 1, 2011) ("Though there may be some factual and legal issues that may bear uniquely upon each Defendant's liability, it is readily apparent that an interrelationship exists between the Defendants in this case that was absent in *Tapscott*.").  Plaintiff's claims all stem from the implantation of the Mesh Products that caused severe injury to Plaintiff, and much of the factual basis supporting these claims overlaps.  (Compl. ¶¶ 29-38).   For example, Plaintiff's negligence claim depends on the accuracy and amount of information provided by AMS to Kojian and other doctors.  (MTR at 8.)  Third, defendants here were not joined under Rule 20 but instead were both named in Plaintiff's state court complaint.  Thus, the fraudulent misjoinder doctrine would not apply to these facts.

Because the fraudulent joinder doctrine does not apply here, and both Plaintiff and Kojian are citizens of California for diversity purposes, diversity jurisdiction is destroyed.[3]  The Court notes that in a case raising issues such as this, the better and most

---

[3] Defendant does not appear to be arguing that the traditional fraudulent joinder doctrine applies, nor could it, for it is clear under both California and Federal law that Plaintiff states a claim against Defendant Kojian.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SACV 13-325-JST (JPRx) | Date: April 12, 2013 |
| Title: Marilyn Goodwin v. Bedros H. Kojian, et al. | |

efficient course of action would have been for Defendant to seek relief from the alleged misjoinder in state court, "and then, if that court severed the case and diversity then existed, [Defendant] could seek removal of the cause to federal court." *Osborn*, 341 F. Supp. 2d at 1127. For the foregoing reasons, Plaintiff's MTR is GRANTED.

## V. MTS

Having decided Plaintiff's MTR, the Court DENIES Defendant's MTS as MOOT.[4]

## VI. Conclusion

For the reasons stated above, the Court GRANTS Plaintiff's MTR and DENIES Defendant's MTS as MOOT. This matter is now remanded to the Orange County Superior Court, case no. 30-2013-00622920-CU-PL-CJC.

Initials of Preparer: tg

---

[4] Defendants alternatively request that the Court sever the claims against Kojian and remand only those claims. (Opp'n to MTR at 5.) Because the Court finds that joinder here was not fraudulent or inappropriate, the Court declines to rule on Defendant's request for severance. *Cf. Leif's Auto Collision v. Progressive Halcyon Ins. Co.*, No. 05-1958-PK, 2006 WL 2054552 at *5 (D. Oreg. July 21, 2006) (declining to apply the fraudulent misjoinder doctrine, remanding to state court, and noting that "defendants are free to address the issue of improper joinder by moving for severance in state court").